## ANNA SCHMITT v. CITY OF MINNEAPOLIS AND ANOTHER.[1]

### October 26, 1917.

### No. 20,521.

**Railway bridge — verdict sustained by evidence.**

1. The evidence is *held* sufficient to support the finding of the jury that the plaintiff sustained an injury while on the portion of a street bridge over the tracks of the defendant railway which it was under obligation to keep in condition for travel.

**Same — evidence of condition after accident.**

2. It was not error to receive the testimony of a witness who examined the bridge two weeks after the accident and found a defect in the bridge corresponding to that claimed by the plaintiff, the purpose being to locate the place where the accident occurred.

**Damages not excessive.**

3. The verdict was not excessive.

Action in the district court for Hennepin county to recover $12,500 for injuries sustained while crossing a bridge over the tracks of defendant railroad company. The case was tried before Hale, J., who when plaintiff rested denied motions for a directed verdict in favor of each defendant, and a jury which returned a verdict for $2,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant company appealed. Affirmed.

*F. M. Miner* and *M. M. Joyce,* for appellants.

*Frank W. Booth,* for respondent.

[1]Reported in 164 N. W. 801.
138 M—13

DIBELL, C.

This is an action to recover for personal injuries brought by Anna Schmitt against the city of Minneapolis and the Minneapolis & St. Louis Railroad Company. There was a verdict for the plaintiff against both defendants. The railway company appeals from the order denying its alternative motion for judgment or a new trial.

1. The injury to the plaintiff occurred while she was crossing the Fifth street bridge in Minneapolis over the tracks of the Great Northern Railway and the defendant railway. Her foot caught in a hole over which a thin slab or board had been nailed and she was thrown down and injured. The defendant contends that the injury did not occur on the portion of the bridge over its tracks which alone it was under obligation to keep in condition for travel. This is the important question in the case. The defendant offered no evidence on this point. That of the plaintiff is indefinite and not wholly satisfactory. There is some contradiction in it. From an examination of it we reach the conclusion that the jury could reasonably find that the accident occurred on the defendant's portion of the bridge.

2. A witness who examined the bridge two weeks after the accident was permitted to testify that there was then a hole in the part of the bridge belonging to the defendant. It is claimed that this was error. We think that it was not. The hole which he described had been covered by a thin board which was nailed over it and it had broken through. It answered the description of the one which resulted in the plaintiff's injury. The witness located it on the defendant's portion of the bridge substantially at the point fixed by some of the testimony of the plaintiff. It was the only hole in the vicinity. The testimony had some tendency to locate the place of the accident on the defendant's portion of the bridge and it was not error to receive it. .

3. The verdict was for $2,500 and the defendant claims it to be excessive.

The principal injury was to the plaintiff's ¡left ankle. There was a slight injury to the head but its effects have passed. According to the testimony of her physician the articular surface of the ankle bone was fractured and thrown or shoved back and out of place. He gave it as his opinion that the joint will never perform normal service. She suf-

fered considerable pain.  There is evidence that some of her trouble is ascribable to fallen arches and not all of it to the accident.  The award is a liberal one but under the rule for our guidance in reviewing verdicts we cannot say that it is excessive.

We have mentioned all points raised by the assignments and discussed in the briefs.  We find no error.

Order affirmed.